24

JENNIE STRAUF, as Adminstratrix of the Estate of CLARENCE M. STRAUF, Deceased, Plaintiff, *v.* INTERNATIONAL HARVESTER Co. et al., Defendants. INTERNATIONAL HARVESTER Co., Third-Party Plaintiff-Appellant, *v.* LESLIE F. HICKS, Third-Party Defendant-Respondent.

EDNA SKEENS, as Adminstratrix of the Estate of MAC H. SKEENS, Deceased, Plaintiff, *v.* INTERNATIONAL HARVESTER Co. et al., Defendants. INTERNATIONAL HARVESTER Co., Third-Party Plaintiff-Appellant, *v.* LESLIE F. HICKS, Third-Party Defendant-Respondent.

Third Department, December 5, 1961.

*Thaler & Thaler* (*Manley H. Thaler* of counsel), for third-party plaintiff-appellant.

*Hiscock, Cowie, Bruce, Lee & Mawhinney* (*Phillip T. Young* of counsel), for third-party defendant-respondent.

GIBSON, J.   The appeals are from orders which dismissed for insufficiency the third-party complaints in wrongful death actions.

Defendant and third-party plaintiff International Harvester Company, licensed under former section 32 of the Vehicle and Traffic Law to operate an official inspection station, is alleged in the original complaints (hereinafter treated as one) to have inspected defendant Hicks' truck at defendant's instance about August 1, 1958, thereupon notifying defendant that the truck did not pass inspection and refusing to issue an inspection certificate therefor. It is then charged that third-party plaintiff " deliberately and wilfully " failed to issue a rejection certificate which should specify the reasons therefor and advise defendant of his responsiblity to effect repairs, and " deliberately and wilfully " failed to notify the Bureau of Motor Vehicles thereof. The complaint then alleges that although the defects were not repaired or corrected, defendant returned the vehicle to third-party plaintiff about December 17, 1958 for reinspection and that third-party plaintiff, without making such inspection, issued an inspection certificate, whereby, in the theory of the pleader, it " caused " a " dangerous instrumentality " to be operated upon the public highways while " negligently misrepresenting " its condition to plaintiffs' intestates and to the world, with the result that an accident occurred and plaintiffs' intestates sustained fatal injuries.

Appellant argues that in the original complaint allegations of passive negligence on its part, sufficient to authorize its third-party complaint, are to be found in the averments that in August it *failed* to issue a rejection certificate and in December *did not inspect* the vehicle and issued a certificate of inspection *without having made any inspection,* after it *failed* to discover the defects which existed. These, in appellant's view, are omissions to be classified as passive negligence although, of course, " a fault of omission  *  *  *  may constitute active negligence ". (*McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314, 330.)

It is true that passive negligence may be found " in the breach of a duty to discover and to warn of or remedy a danger created by the active negligence " of another and " reasonably to have been discovered upon inspection." (*Pasquale* v. *Babcock, Hinds & Underwood,* 6 A D 2d 336, 337, motion for leave to appeal dismissed 5 N Y 2d 799.) In this pleading, however, that result may be reached, if at all, only by excision of the language relied upon by appellant from its essential setting — a form of " close dissection " questioned in *Pasquale* (*supra,* p. 337). Thus, the allegation that on December 17 appellant " failed to discover " the defects is insufficient, in the form pleaded and when standing alone, to charge any negligence, active or passive, and the charge

of negligence becomes complete only upon averment of the breach of a co-ordinate obligation or resultant duty. (Note, e.g., in *Pasquale* [*supra*, p. 337], " the breach of a duty to discover *and* to warn of or remedy a danger " [emphasis supplied].) In this case, the additional and indispensable ingredient of the charge of negligence — and, indeed, the gravamen of the action — was the affirmative act of appellant in issuing the certificate of inspection; not, as in *Pasquale,* a further omission to act. Again, the allegations of failure to inspect in December and of the failure to issue a rejection certificate in August must alike be " taken in the context of the complaint " (*Putvin* v. *Buffalo Elec. Co., infra,* p. 457) charging deliberate failures after actual notice. In sum, the omissions charged were but parts of a larger and complete transaction which was the performance of the statutory duty to inspect and thereupon to issue either a notice of rejection or a certificate of inspection. Consequently, the obligation imposed had to be concluded by an affirmative act, whether of approval or rejection. In undertaking affirmative action under the statute and in thereupon performing some essential acts and omitting others, appellant imperfectly and negligently executed the duty imposed and such can scarcely be accounted other than active negligence. It may be noted further, though not as predicative of our decision, that the basic premise of the complaint is that by reason of the prior inspection, with no subsequent change of condition, the appellant had actual notice of the defects; and actual notice, of course, ordinarily gives rise to active, rather than passive negligence.

It is true, as appellant contends, that " there is a right of recovery over, against a primary wrongdoer whose misconduct has created a dangerous condition, by one who has been held liable for failure to discover and remedy the danger ", but in this case the pleading renders applicable the limitation that " the one seeking indemnity may be barred from recovering from the creator of the danger if after discovery of the danger he has acquiesced in the continuation of the condition " (*Putvin* v. *Buffalo Elec. Co.,* 5 N Y 2d 447, 457, 458).

In *Gilbert* v. *Barouch* (10 A D 2d 984) a factual situation in some respects comparable to that before us required dismissal of the cross complaint.

In view of the conclusions stated, it is not necessary to determine the question whether the violation of a statute of this nature (Vehicle and Traffic Law, art. 3-A) will, if injury and damage result, constitute active negligence per se; nor to consider the effect of the pleading that appellant's failure to issue

a rejection certificate, with notice thereof to the bureau, was deliberate and willful.

The orders should be affirmed, with $10 costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Orders affirmed, with $10 costs.